**22 CV-01228 - RAJ**

Gabriella Kertesz in her individual capacity **initiating a lawsuit by reason of the same subject matter** as D.C. No. 2:20-cv-00372-RAJ

Plaintiff

v.

Attorney General Bob Ferguson in his individual capacity
Defendant

FILED  ENTERED
LODGED  RECEIVED

SEP 01 2022   JC

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

*28 U.S. Code § 2676 - Judgment as bar*

*"The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."*

## Motion to Dismiss

Court records will testify that claimant's complaint/lawsuit against the Attorney General was dismissed by the Court (D.C.No. 2:20-cv-00372-RAJ) in the year of 2020. By law (28 U.S. Code § 2676), the 2020 judgment/dismissal constitutes a complete bar to <u>any action</u> by the claimant, by reason of the same subject matter, against an employee of the government whose act or omission gave rise to the claim. As **claimant is barred by law** from bringing <u>any action</u> against Bob Ferguson, claimant motions for a dismissal of her complaint against the Attorney General. Motioning for a dismissal is claimant's <u>last action</u> in federal court.

According to LAW (28 U.S. Code § 2676), the judgment in D.C.No. 2:20-cv-00372-RAJ constitutes a complete bar to <u>any action</u> by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

In other words, the judgment (dismissal) in 2020 constitutes a **complete bar to a second dismissal** by reason of the same subject matter in a court of law under God.

### 28 U.S. Code § 2676 - Judgment as bar

"The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."

---

According to 28 U.S. Code § 2676, the judgment in D.C.No. 2:20-cv-00372-RAJ constitutes a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim. As plaintiff is bound hand and foot by law (28 U.S. Code § 2676), she is limited to one **extraordinary legal maneuver** in a second lawsuit by reason of the same subject matter: **motion to dismiss.**

---

**Motion to dismiss.**

---

When a party's "motion to dismiss" is granted by a judge, the lawsuit is dismissed. By law.
When a party's "motion to dismiss" is barred by law, the trial is on. By law.

---

Both parties have a **God-given right** to motion for a dismissal in a court of law under God.

---

Back in 2020, federal judges were not instructed/ordered by law (28 U.S. Code § 2676) to **bar** any action by the claimant against the employee of the government whose act or omission gave rise to the claim. To invoke the power of this extraordinary law (28 U.S. Code § 2676), the plaintiff needs to obtain a dismissal/judgment against the employee of the government whose act or omission gave rise to the claim. Armed with the judgment/dismissal, the plaintiff must initiate a second lawsuit by reason of the same subject matter in federal court. Upon initiating a second lawsuit by reason of the same subject matter, the claimant must motion for a dismissal of her complaint in a court of law under God. Upon being dismissed, the judgment bar shall trigger. Judgment in Kertesz v. Ferguson is imminent.

Claimant's "motion to dismiss" by reason of the same subject matter constitutes a perfectly legitimate legal action/maneuver against the employee of the government whose act or omission gave rise to the claim. Federal judges may remember that the Attorney General had successfully pulled off the same legal action against plaintiff back in 2020. With the help of federal judges. The Attorney General's brutal, yet brilliant legal maneuver brought plaintiff to her knees.

**There is no law** in the book of law that bars a legal action/attack by an Attorney General against an ordinary citizen. Consequently, our judges did not break any law by granting (failing to bar) the Attorney General's "motion to dismiss". Truth be told, federal judges grant dismissals for employees of the government all the time. With absolute impunity. The law graciously allows judges to dismiss lawsuit after lawsuit at their discretion.

However, **there is a law** in the book of law (28 U.S. Code § 2676) that bars/forbids any legal action/attack by an ordinary citizen against the employee of the government whose act or omission gave rise to the claim. Consequently, **claimant's "motion to dismiss" is barred by law.** As claimant's "motion to dismiss" is barred by law, so is the Attorney General's by reason of the same subject matter. By law, the trial is on.

---

28 U.S. Code § 2676 is straightforward, the dismissal (judgment) in D.C.No. 2:20-cv-00372-RAJ constitutes **a complete bar to a second dismissal** (judgment) by reason of the same subject matter. The Attorney General's "motion to dismiss" did exactly what it was supposed to do: it backfired on defendant and on our judges. One should be careful of what one is pleading/praying for in federal court. The law might just respond in kind.

---

Granting a second dismissal by reason of the same subject matter goes against the command of the law. Going against the command of the law constitutes an obstruction of justice.
The Attorney General of the United States has been notified of an **impending** violation of a codified U.S. law (28 U.S. Code § 2676). The rest is up to God.

3

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    9/1/2022

Signature of Plaintiff: *Gabriella Kertesz*

Printed Name of Plaintiff:   Gabriella Kertesz

>9702 1st Ave NW
>Seattle, WA 98117
>Tel: 425-243-2287
>Email: gaboca@gmail.com

# United States District Court
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| GABRIELLA KERTESZ,<br><br>                Plaintiff,<br>v.<br><br>BOB FERGUSON,<br><br>                Defendant. | **JUDGMENT IN A CIVIL CASE**<br><br>Case No. 2:20-cv-00372-RAJ-BAT |

\_\_\_\_  **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_X_  **Decision by Court**. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT:

The Report and Recommendation is **adopted and approved**. Defendant Bob Ferguson's motion to dismiss (Dkt. 13) is **GRANTED**; Plaintiff's claims against Defendant are **dismissed with prejudice**.

Dated this day the 18th day of June, 2020.

                                                WILLIAM M. MCCOOL
                                                Clerk of Court

                                                Michael Williams
                                                Deputy Clerk

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIELLA KERTESZ, | No. 20-35573 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00372-RAJ |
| v. | |
| BOB FERGUSON, Attorney General of Washington State, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Gabriella Kertesz appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging that Bob Ferguson, the Attorney General of Washington State, violated her civil rights in connection with a state law that concerns medical consent forms. We have jurisdiction under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal for lack of subject matter jurisdiction. *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We affirm.

The district court properly dismissed Kertesz's action for lack of subject matter jurisdiction because Kertesz failed to allege facts sufficient to demonstrate Article III standing. *See Arakaki v. Lingle*, 477 F.3d 1048, 1059 (9th Cir. 2007) (to establish standing, a plaintiff must allege that she "has suffered concrete injury, that there is a causal connection between [her] injury and the conduct complained of, and that the injury will likely be redressed by a favorable decision"); *Smelt v. County of Orange*, 447 F.3d 673, 682 (9th Cir. 2006) ("The burden of showing that there is standing rests on the shoulders of the party asserting it.").

We reject as without merit Kertesz's contention, set forth in her supplemental filing, that the district court's dismissal for lack of subject matter jurisdiction divested this court of jurisdiction over the appeal.

**AFFIRMED.**